## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IRMA CASTANON                           *
    836 Bonifant Street            *
    Silver Spring, MD 20910        *
                                   *
MARIA PEREZ                             *
    836 Bonifant Street            *
    Silver Spring, MD 20910        *
                                   *
        Plaintiffs,         *
                                   *
      v.                     *     Case No. _____
                                   *
SOLOPOP I CORP.                         *
*Attn:  Brad May*                       *
3200 Bladensburg Road, N.E.             *
Washington, D.C. 20018                  *
                                   *
      Serve: Roger L. Weeks     *
      2510 Virginia Ave., N.W. # 614N   *
      Washington, D.C. 20036    *
                                   *
SHAHID JAWAID HASHMI                    *
125 18th Street # 3                     *
Jersey City, NJ 07310                   *
                                   *
BRAD MAY                                *
3200 Bladensburg Road, N.E.             *
Washington, D.C. 20018                  *
                                   *
        Defendants.         *
**************************************************************************

## <u>COMPLAINT</u>

Plaintiffs, Irma Castanon and Maria Perez (hereinafter "Plaintiffs"), by and through their

undersigned counsel, hereby submit this Complaint against Defendants, Solopop I Corp., Shahid

Jawaid Hashmi and Brad May (hereinafter collectively "Defendants") for violations of the

Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* (hereinafter

"FLSA"), and the D.C. Wage and Hour Law, D.C. Code §§ 32-1001 *et seq*. (hereinafter "DCMWA").

## PARTIES AND JURISDICTION

1.    Plaintiff Irma Castanon is over twenty-one years of age and a resident of the State of Maryland.

2.    Plaintiff Maria Perez is over twenty-one years of age and a resident of the State of Maryland.

3.    Solopop I Corp. is a corporation formed under the laws of the District of Columbia.

4.    Shahid Jawaid Hashmi is an individual over twenty-one years of age and, upon information and belief, a resident of New Jersey.

5.    Brad May is an individual over twenty-one years of age and, upon information and belief, a resident of the District of Columbia.

6.    At all times relevant to this action – May 28, 2012 through the present – Solopop I Corp. operated continuously as a fast food restaurant in Washington, D.C.

7.    At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

8.    At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

9.    At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

10.    At all times relevant, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

## FACTS

11.    Defendants operated Solopop I Corp. in Washington, D.C.  Solopop I Corp. is a fast food restaurant doing business as Popeyes Louisiana Kitchen.

12.    At all times during Plaintiffs' employment periods, Shahid Jawaid Hashmi was the owner and manager of Solopop I. Corp.  At all times during Plaintiffs' employment periods, Brad May was the general manager of Solopop I Corp.

a.    At all times during Plaintiffs' employment, Shahid Jawaid Hashmi and Brad May had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

b.    At all times during the period of Plaintiffs' employment, Shahid Jawaid Hashmi and Brad May supervised the work duties of Plaintiffs to ensure their work was of sufficient quality.

c.    At all times during the period of Plaintiffs' employment, Shahid Jawaid Hashmi and Brad May set and controlled the work schedule or had the power to set and the work schedule of Plaintiffs.

d.    At all times during the period of Plaintiffs' employment, Shahid Jawaid Hashmi and Brad May set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiffs.

e.    At all times during the period of Plaintiffs' employment, Shahid Jawaid Hashmi and Brad May had the power to control the day-to-day operations of Solopop I Corp.

13.    Irma Castanon worked as a fast food employee for Defendants from roughly 2006 until March 30, 2015.

14.    Maria Perez worked as a fast food employee for Defendants from roughly 2006 until March 30, 2015.

15.    During the period of Plaintiffs' employment, Defendants occasionally paid Plaintiffs per hour and occasionally paid them a salary.  When Defendants paid Plaintiffs a salary, Defendants failed to pay Plaintiffs time and a half for the hours Plaintiffs worked over forty.  Additionally, during the time that Defendants paid Plaintiffs per hour, Defendants would often defer hours that Plaintiffs worked in a given week.  These hours were either paid in a week when Plaintiffs worked less hours or Defendants would not pay Plaintiffs at all for these extra hours.

16.    Throughout the course of Plaintiffs' employment, Defendants had knowledge that Plaintiffs typically worked many overtime hours per week or suffered or permitted Plaintiffs to work many overtime hours per week.

17.    Defendants took active steps to hide the actual number of hours Plaintiffs worked per week.

18.    Defendants often failed to pay Plaintiffs at the rate of one-and-one-half (1½) times Plaintiffs' regular rates of pay for hours worked each week in excess of forty (40).

19.    At no time did Plaintiffs perform work that meets the definition of exempt work under the FLSA or the DCMWA.

20.    Defendants' failure to pay Plaintiffs overtime, as required by the FLSA and the DCMWA, was willful and intentional.

## CAUSES OF ACTION

### COUNT I
### Federal Fair Labor Standards Act
### (Overtime)

21.    Plaintiffs reallege and reassert each and every statement above, as if each were set forth herein.

22.    The FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

23.    Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1).

24.    Defendants were the "employers" of Plaintiffs under FLSA, 29 U.S.C. § 207(a)(2).

25.    Defendants, as the employers for Plaintiffs, were obligated to compensate the Plaintiffs at the overtime rate of one-and-one-half (1½) times his regular rate for all hours worked per week in excess of forty (40).

26.    As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours.

27.    As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiffs at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

28.    Defendants' failure and refusal to pay Plaintiffs, as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Washington, D.C. Minimum Wage Act
### (Overtime)

29.     Plaintiffs reallege and incorporate herein the allegations contained in the paragraphs above.

30.     At all times relevant to this Complaint, Defendants violated the overtime provisions of the District of Columbia Minimum Wage Act by failing to pay Plaintiffs the time and a half for all hours Plaintiffs worked over forty (40) that they worked in each particular workweek.

31.     Defendants were, at all times relevant to this complaint, "employers" of Plaintiffs within the meaning of the DCMWA.

32.     Plaintiffs worked over 40 hours per week, for many weeks, during the time Plaintiffs worked for Defendants. Despite this, Defendants did not pay Plaintiffs time and a half the hours all the worked over forty Plaintiffs worked.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar No. 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, MD 20910
Telephone: (301) 587-9373
Fax: (301) 587-9397
mamster@zagfirm.com

*Counsel for Plaintiffs*